1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| NOEL RODRIGUEZ | CASE NO.    1:10-CV-01877-AWI-MJS (PC) |
| Plaintiff, | ORDER   DISMISSING   PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| | (ECF NO. 1) |
| v. | AMENDED   COMPLAINT   DUE   WITHIN THIRTY DAYS |
| GARCIA, et al., | |
| Defendants. | |
| _____/ | |

19

**SCREENING ORDER**

20
21

**I.    PROCEDURAL HISTORY**

22
23
24

On October 8, 2010, Plaintiff Noel Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

25

///////

26
27

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.    SUMMARY OF COMPLAINT

Plaintiff is housed at Kern Valley State Prison ("KVSP"), but complains of events that occurred at the Corcoran Substance Abuse Treatment Facility and State Prison, ("CSATF/SP"). The Complaint alleges that the following named Defendants, in their official and individual capacities, violated Plaintiff's constitutional rights: (1) Garcia, Classification Staff Representative ("CSR") at CSATF/SP, and (2) Hernandez, CSR at CSATF/SP. Plaintiff seeks punitive damages.

Plaintiff contends that Defendants deprived him of his Eighth and Fourteenth Amendment rights by retaining him in the Administrative Segregation Unit (ASU) during the period August 5, 2009 until his transfer to KVSP on April 12, 2010.

On June 1, 2009, two prison gang members attempted to murder Plaintiff in the general population yard. (Complaint, p. 4, ECF No. 1.) The next day Plaintiff was placed in the ASU "as a victim not an aggressor." (Id.)   On July 8, 2009, the Institution Classification Committee ("Committee") gave Plaintiff a 45-day ASU extension pending investigation into Plaintiff's security concerns. (Id.) The Committee received the completed investigation and, following an August 5, 2009, hearing decided to retain Plaintiff in the ASU pending CSR review and transfer to protective custody at a different facility. (Id. at 5.) On August 26, 2009, Defendant Garcia acting as CSR approved the Committee's August 5th action and gave Plaintiff a 90 day ASU extension (for an upcoming parole board hearing). (Id. at 5.)  Defendant Garcia, on December 17, 2009 gave Plaintiff a further 75-day ASU extension (again for Parole Board hearing). (Id.) On March 25, 2010, Defendant Hernandez acting as CSR gave Plaintiff a final ASU extension (pending transfer to KVSP) running through July 23, 2010.  (Id. at 6.)  On April 12, 2010, Plaintiff was transferred to KVSP protective custody. (Id.)

IV.   **ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## A.    Due Process

### 1.    ASU Extension Hearing

Plaintiff alleges that he was denied due process notice and an opportunity to be heard on the ASU extension action taken at the Committee hearing of August 5, 2009, and that as a result Defendant Garcia's ASU extension based thereon was unconstitutional.

 Plaintiff's assignment to the ASU as an administrative measure, rather than a disciplinary measure, is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir.1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100–01 (9th Cir.1986). "In the case of administrative segregation, prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering

-4-

segregation. Prison officials must allow the prisoner to present his views." Perez v. Woodford, 2010 WL 3943536, *6 (E.D.Cal. Oct.1, 2010) (citing to Toussaint, 801 F.2d at 1099.)

Plaintiff admits he was present at a portion of the August 5, 2009 hearing, but denies he was present for discussion of the 90 day ASU extension and contends the extension decision was made without his knowledge or opportunity to object. (Compl. at 26, 28.) Such a claim, if true, could support a claim under Section 1983.

However, the Committee's August 5, 2009 Classification Chronology titled "Initial ASU Review" indicates that Plaintiff was "provided 72 hours advance notification" of the hearing, and that "[Plaintiff] actively participated in the [C]ommittee hearing and agreed with [C]ommittee actions." (Compl. at 18.)

Plaintiff claim that he was denied both notice of the August 5, 2009, ASU extension hearing and opportunity to present his views to the Committee is contradicted by the evidence on file which defeats Plaintiff's attempt to state a cognizable claim for violation of procedural due process. Plaintiff will be given leave to amend if in fact he can assert under penalty of perjury true facts showing that he was in fact denied proper notice of the August 5, 2009 hearing and denied an opportunity to present his views on the ASU extension to the Committee.

### 2.   Access to SNY

Plaintiff also contends that Defendants Garcia and Hernandez each deprived him of a due process right to liberty under the Fourteenth Amendment by not endorsing him for protective custody (i.e., Sensitive Needs Yard or "SNY") even though the Committee had decided on August 5, 2009 to place Plaintiff on Sensitive Needs status. (Compl. at 28.)

1  This contention fails as well.

2  The Due Process Clause itself does not confer on inmates a liberty interest in

3  avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221-

4  22 (2005). Under state law the existence of a liberty interest created by prison regulations

5  is determined by focusing on the nature of the condition of confinement at issue. Id. at

6  222–23 (citing Sandin v. Conner, 515 U.S. 472, 481–84 (1995)). Liberty interests created

7  by prison regulations are generally limited to freedom from restraint which imposes atypical

8  and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id.

9  at 221 (citing Sandin, 515 U.S. at 484); See Myron v. Terhune, 476 F.3d 716, 718 (9th

10  Cir.2007).

11  Plaintiff does not sufficiently allege a liberty interest to be free from ASU

12  confinement. The Complaint shows that ASU confinement was necessary to protect the

13  Plaintiff, ensure the safety of others and provide for institutional security.[1]  Plaintiff alleges

14  only that his ASU confinement was single cell occupancy and that he was assigned to the

15  walk-alone yard. These allegations fall short of atypical and significant hardship. See

16  Wilkinson, 545 U.S. at 223–24 (finding a liberty interest in avoiding indefinite confinement

17  in Ohio's "Supermax" facility).

18  Further, Plaintiff's assignment to the ASU was an administrative (non-disciplinary)

---

[1] Plaintiff was placed in ASU on June 2, 2009 pending administrative review of his program and housing requirements. (Compl. at 14.)  Plaintiff at that time was notified that was because he "represents an immediate threat to the safety of self or others" and because he "endangers institution security." The May 7, 2010 Director's Level (Appeal) Decision indicates that Plaintiff's ASU extension pending Parole Board hearing and a final decision on transfer to a protective yard facility was "pending concerns for his safety." (Compl. at 22.)  Committee comments note Plaintiff's "extremely violent history" and "possible safety concerns from southern hispanics." (Compl. at 8.)

measure and "essentially a matter of administrative discretion." <u>See</u> <u>Bruce</u>, 351 F.3d at 1287 (quoting <u>Munoz</u>, 104 F.3d at 1098). There need only be "some evidence" supporting the decision. <u>Id.</u> (citing <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985)).[2] The Complaint includes facts showing the safety and security reasons for Plaintiff's ASU extension.

Finally, Plaintiff's contention that the Committee, on August 5, 2009 cleared him for the SNY and that Defendants acted contrary to this Committee action is not supported. The Complaint indicates that the Committee's August 5, 2009 action was for continued ASU and walk-alone yard at CSATF/SP pending CSR review for transfer to the KVSP SNY or the Pleasant Valley State Prison ("PVSP") SNY. (Compl. at 18.)

Plaintiff fails to state a cognizable claim for violation of substantive due process rights. Plaintiff will be given leave to amend. If Plaintiff chooses to amend he must provide true facts identifying a due process liberty interest violated by ASU extension.

**B.     Cruel and Unusual Punishment**

Plaintiff alleges that the ASU extension was "cruel & unusual punishment", in violation of his Eighth Amendment rights. (<u>Id.</u> at 26.) This allegation is not supported by facts in the Complaint. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>see</u> <u>Toussaint</u>, 801 F.2d at 1107; <u>see also</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir.1982). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. <u>Farmer</u>, 511 U.S. at

---

[2] Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the <u>Hill</u> standard, the evidence should have some indicia of reliability. <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir.1987).

834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious ...." Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety ...." Id. at 837.

Plaintiff's Eighth Amendment claim appears based solely on the nature of ASU housing as single-cell occupancy with walk-alone yard privileges. A prolonged sentence in administrative segregation does not in of itself constitute cruel and unusual punishment in violation of the Eighth Amendment. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1315–16 (9th Cir.1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment); Toussaint, 722 F.2d at 1494 n.6 (more than usual hardships associated with administrative segregation required to state Eighth Amendment claim). The Complaint does not state a cognizable claim under the Eighth Amendment.

The Court will grant Plaintiff leave to amend his Eighth Amendment claim. In order to state a cognizable claim, Plaintiff must allege truthful facts establishing that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff's health and safety. Merely being housed in the ASU will not sustain a claim.

**C.   Linkage Requirement**

The Civil Rights Act under which this action was filed provides:[3]

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the

---

[3] 42 U.S.C. § 1983.

party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Liability under Section 1983 requires a showing of personal involvement, Iqbal, 129 S.Ct. at 1949. The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff alleges that each Defendant, as CSR, reviewed and approved Plaintiff's ASU extension. Plaintiff has sufficiently alleged facts, for purposes of screening, that personally link each Defendant to the alleged violation of Plaintiff's rights.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir.1987). If Plaintiff opts to amend, he must demonstrate that the alleged wrongful acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.' " Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

-9-

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Accordingly, it is **HEREBY ORDERED** that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint filed October 8, 2010;

2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days from the date this order is filed; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, it

is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    December 28, 2011          /s/ *Michael J. Seng*

ci4d6                              UNITED STATES MAGISTRATE JUDGE