# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>V. GARCIA, et al.,<br><br>　　　　Defendants. | Case No.  1:10-cv-01877-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Noel Rodriguez ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff initiated this action on October 8, 2010.  (ECF No. 1.)  No other parties have appeared.

　　　　The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to amend.  (ECF No. 10.)  Plaintiff filed a First Amended Complaint.  (ECF No. 11.)  The First Amended Complaint is now before the Court for screening.

///

///

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II.  PLAINTIFF'S CLAIMS

Plaintiff alleges that while housed at California Substance Abuse Treatment Facility and State Prison ("SATF-CSP") in Corcoran, California, his due process rights under the Fourteenth Amendment were violated.  He names Garcia, a C.S.R. officer at

2

SATF-CSP, as the sole defendant in this action.

Plaintiff alleges as follows:

In June 2009, Plaintiff was placed in solitary confinement after another inmate tried to harm him. On August 5, 2009, after the prison investigated the incident, a prison committee cleared Plaintiff for placement in the Special Needs Yard. Instead of placing him in the Special Needs Yard, Defendant Garcia continued to house Plaintiff in Administrative Segregation pending a parole board hearing.[1] Plaintiff was transferred to Kern Valley State Prison approximately eight months later.

Plaintiff asks for $200,000 in punitive damages and $350 to cover his court filing fees.

## III.  ANALYSIS

### A.  42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

---

[1] Plaintiff's allegations notwithstanding, exhibits to the Complaint indicate the prison committee decided to retain Plaintiff in Administrative Segregation until he could be placed in another institution capable of accommodating his needs. The committee recommended transferring Plaintiff to Kern Valley State Prison's Special Needs Yard.

law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.      Due Process Claim

Plaintiff alleges that Defendant Garcia violated his due process rights by allowing Plaintiff to remain in Administrative Segregation after the classification committee suggested that the prison transfer Plaintiff to another institution that could accommodate his needs.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222–23 (citing Sandin v. Conner, 515 U.S. 472, 481–84 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 222–23 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

However, Plaintiff's allegations do not support the existence of a liberty interest in remaining free from Administrative Segregation, Wilkinson, 545 U.S. at 222–23; Myron, 476 F.3d at 718; Meachum v. Fano, 427 U.S. 215, 224–25 (1976); see also Resnick v.

4

1  Hayes, 213 F.3d 443, 448–49 (9th Cir. 2000) (no liberty interest in remaining free from
2  the SHU pending disciplinary hearing and no liberty interest in avoiding SHU
3  confinement); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (no liberty interest in
4  remaining free from disciplinary segregation unit pending disciplinary hearing), and in
5  the absence of a protected liberty interest, Plaintiff's claim that he was retained in
6  Administrative Segregation without due process fails, Wilkinson, 545 U.S. at 221.

  Even if there were a liberty interest in avoiding administrative segregation, determinations on such assignment entitle prisoners only to notice and an opportunity to be heard. From Plaintiff's allegations and attached exhibits, it appears he received both. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. 472).

  Plaintiff fails to state a claim for denial of due process.

## IV.   CONCLUSION AND RECOMMENDATION

  Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend several times. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

  Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 25, 2013        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE